UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

TARRIN DAVIS,  CIVIL ACTION

   Plaintiff  NO.

VS.

METRO-NORTH RAILROAD COMPANY,

   Defendant

_____X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by her while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is domiciled in Poughkeepsie, New York.

4. The defendant, Metro-North Railroad Company, is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, she was employed by the defendant Railroad as an Electrician at or about Highbridge Yard in New York.

7. At the time the plaintiff received the injuries complained of the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. In or about August, September, October, and/or November 2019, the defendant provided the plaintiff with modified power washer machines that had increased water pressure and instructed the plaintiff to use the modified power washer machines to wash heat sinks and/or filters and/or condensers on Bombardier rail cars and M-8 rail cars.

9. In or about August, September, October, and/or November 2019, the defendant instructed the plaintiff, in addition to power washing Bombardier rail cars, to power wash more M-8 train cars during her work weeks than it had required her to do before that time period.

10. The defendant knew or reasonably should have known that a substantial portion of the time spent power washing heatsinks and/or filters, and/or condensers on M-8 cars is performed in the pit by holding the power washer handle and nozzle above one's shoulders and/or head.

11. The defendant knew or reasonably should have known that increasing the total hours operating a power washer and/or a modified power washer with increased water pressure increased the risk of injury to the operator.

12. On or about November 12, 2019, the plaintiff was engaged in her duties as an Electrician at or about Highbridge Yard, New York which buildings, decks, platforms, structures, working areas, railcars, power-washers, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant Railroad.

13. On or about November 12, 2019, the plaintiff was power washing heat sinks overhead while in the pit when she felt pain in both shoulders and was unable to lift her hands above her shoulders the next day.

14. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

(a) it failed to provide a reasonably safe place to work; and/or

(b) it failed to properly train the plaintiff; and/or

(c) it failed to properly instruct the plaintiff; and/or

(d) it failed to properly supervise the plaintiff; and/or

(e) it failed to provide proper or safe methods to work; and/or

(f) it failed to provide proper or safe premises to work; and/or

(g) it failed to supply proper and/or safe and/or adequate tools, machinery, and/or equipment.

15. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff suffered injuries to both shoulders including, but not limited to, labral tears, and had to undergo surgery on both shoulders.

16. As a result of the said injuries the plaintiff incurred medical expenses, has suffered and will suffer lost wages and benefits, has suffered physical pain and mental anguish and will continue to suffer in the future, and has impairment to her future earning capacity and diminished economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By her attorneys,

By _____
Scott E. Perry
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
scott@trainlaw.com